```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                FAYETTEVILLE DIVISION
```

JAY and CONNIE POTTER and
AMERICAN RV PARK, INC.                              PLAINTIFFS


v.                      Case No. 06-5194


CITY OF TONTITOWN, et al.                           DEFENDANTS

## ORDER

Now on this 3rd day of May, 2007, comes on for consideration the **Motion to Dismiss (Doc. 6)** filed by Defendants City of Tontitown, Tontitown Planning Commission, and Tontitown Water and Sewer Commission (hereinafter referred to collectively as the "Tontitown Defendants"). Also before the Court is **Defendant Mick Wagner's Motion to Dismiss (Doc. 28), Second Motion to Dismiss (Doc. 40) and Second, Third, and Fourth Amended Motions to Dismiss (Docs. 44, 47, 49)**. Plaintiffs have filed a **Motion to Strike Defendant Wagner's Amendments to his Motion to Dismiss or Alternatively a Motion for a More Definite Statement (Doc. 56)**. The Court, being and well and sufficiently advised, finds and orders as follows:

**BACKGROUND**

1. The procedural posture of this case is quite protracted, but may be summarized as follows:

    **a.**    **The Tontitown Defendants' Motion to Dismiss**

\*    The Tontitown Defendants filed a motion to dismiss plaintiffs' original complaint. (Doc. 6.)

\*    Plaintiffs filed a response in opposition to the motion (Doc. 34), and also subsequently moved and were granted leave to file an amended complaint (Doc. 33; 11/27/2006 text order; Doc. 41).

\*    The Tontitown Defendants then filed a reply (Doc. 52), in which they essentially argued that plaintiffs' amended complaint was subject to dismissal.  Plaintiffs did not respond to this pleading.

    **b.**    **Defendant Mick Wagner's Motions to Dismiss**

\*    In his first motion to dismiss (Doc. 28), Defendant Wagner simply adopted the motion to dismiss filed by the Tontitown Defendants.

\*    One month later, Defendant Wagner filed a second motion to dismiss (Doc. 40), in which he asserted additional grounds for dismissal of plaintiffs' complaint.

\*    Subsequent to the filing of these two motions, the plaintiffs, as noted above, were granted leave to file an amended complaint.

\*   Defendant Wagner thereafter, within a one-week period, filed second, third, and fourth amended motions to dismiss (Docs. 44, 47, 49.)  In each amended motion, Wagner incorporated the arguments made in his prior motions to dismiss and those made in the Tontitown Defendants' motion to dismiss.

\*   Plaintiffs have not responded to Wagner's amended motions to dismiss and have moved to strike them, asserting that they "cannot reasonably be required to frame a responsive pleading to Wagner's gratuitous amendments to his motions to dismiss."  (Doc. 56 ¶ 14.)

\*   In a letter to the Court dated April 16, 2007, Wagner's counsel enclosed a copy of a state-court order entered in a related case pending in the Circuit Court of Washington County. According to counsel, this order "resolves a number of the issues pending in the federal court case."

**DISCUSSION**

2.   It appears that plaintiffs filing of the amended complaint rendered the **Motions to Dismiss** (**Docs. 6, 28, 40)** plaintiffs' original complaint moot.  These motions, therefore, should be **DENIED.**

3.   With regard to the amended complaint, while the Tontitown Defendants, in a reply pleading, argued that

3

plaintiffs' amended complaint was subject to dismissal, they did not file a separate motion to dismiss the amended complaint and plaintiffs have not addressed the arguments raised in the reply. The Court, therefore, at this juncture, cannot rule on whether plaintiffs' claims against the Tontitown Defendants are subject to dismissal.

    4.    With regard to Defendant Wagner's multiple motions to dismiss plaintiffs' amended complaint, plaintiffs have not responded to these motions. The Court agrees with plaintiffs that it would be unreasonable to require them to sort through the arguments made in these multiple amended motions and frame a responsive pleading. Thus, the Court finds that plaintiffs' **Motion to Strike (Doc. 56)** these motions should be **GRANTED** and the motions **(Docs. 44, 47, 49)** should be ordered **STRICKEN**.

    **CONCLUSION**

    5.    Based on the foregoing, the Court finds and orders and follows:

    *    The **Motions to Dismiss (Docs. 6, 28, 40)** plaintiffs' original complaint are **DENIED** as moot.

    *    Plaintiffs' **Motion to Strike (Doc. 56)** is **GRANTED** and Defendant Wagner's **Second, Third and Fourth Amended Motions to Dismiss (Docs. 44, 47, 49)** are hereby **STRICKEN**.

4

6.   It is difficult for the Court to discern, after the filing of the amended complaint and from the numerous motions to dismiss that were filed, what the issues to be decided by the Court are.  It also appears that the state-court order referenced above may have resolved some of the issues in the present case, or, at the least, have impacted plaintiffs' claims and/or requests for relief.   To clarify the issues in this case, the Court hereby orders as follows:

   *   Plaintiffs shall have until May 17, 2007, to amend their complaint to reflect any impact the state-court ruling had on their claims and/or requests for relief.

   *   Defendants shall have until May 31, 2007, to file responsive pleadings thereto.  Defendants are cautioned that the Court will strike any motions to dismiss which simply incorporate arguments made in prior motions.

   *   Finally, the Court notes that the parties submitted matters outside the pleadings in conjunction with the previously filed motions to dismiss.  The parties are advised that, generally, the Court is obliged to decide a motion to dismiss with reference only to the pleadings.  <u>See</u> Fed. R. Civ. P. 12(b)(6).

5

IT IS SO ORDERED.

<u>/S/JIMM LARRY HENDREN</u>
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE
