IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JAY and CONNIE POTTER and
AMERICAN RV PARK, INC.                                        PLAINTIFFS


v.                    Case No. 06-5194


CITY OF TONTITOWN, et al.                                     DEFENDANTS

ORDER

Now on this 20th day of December, 2007, comes on for consideration defendants' **Motions for Attorneys' Fees and Costs (Docs. 72, 74).** The Court, being and well and sufficiently advised, finds and orders as follows:

1.  Plaintiffs brought this action pursuant to 42 U.S.C. §§ 1983 and 1985, alleging that the defendants interfered in various ways with the development of certain property owned by the plaintiffs. Plaintiffs alleged that defendants' actions violated their substantive and procedural due process rights; resulted in a temporary taking of their property without compensation; and violated their equal protection rights. Plaintiffs also asserted state-law claims.

2.  On August 13, 2007, the Court entered an order granting defendants' motion to dismiss plaintiffs' complaint,

1

finding that the plaintiffs had failed to state a claim. (Doc. 71.)[1]

3. Defendants now move for an award of attorney's fees and costs pursuant to Fed. R. Civ. P. 54(d) and 42 U.S.C. § 1988. Section 1988(b) provides that "[i]n any action ... to enforce a provision of sections ... [1983 or 1985], ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs...." A prevailing defendant may recover fees if the plaintiff's suit was "frivolous, unreasonable, or groundless." Marquart v. Lodge 837, 26 F.3d 842, 852 (8th Cir. 1994). However, courts should "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christiansburg Garment Co. V. EEOC, 434 U.S. 412, 421-22 (1978).

4. With these standards in mind, the Court does not believe that an award of attorney's fees is warranted in this case. Plaintiffs' claims were both factually and legally

---

1. With the exception of plaintiffs' state-law claims and federal takings claim, all claims were dismissed with prejudice.

complex and cannot be characterized as "frivolous, unreasonable, or groundless."

5. Accordingly, defendants' **Motions (Docs. 72, 74)** are **DENIED** to the extent that the Court will not award defendants attorney's fees.

Defendants' motions are **GRANTED** to the extent that they are entitled, as prevailing parties, to recover other costs under Rule 54(d). Defendants shall have ten days from the date of this order to submit an itemized bill of costs.

**IT IS SO ORDERED**

/S/JIMM LARRY HENDREN
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE